**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JOSE MEDELSO RAMIREZ GUTIERREZ,

       Plaintiff,

v.

CHAD F. WOLF, in his official capacity as Acting Secretary of U.S. Department of Homeland Security;

KENNETH T. CUCCINELLI, in his official capacity as Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services;

DONALD NEUFELD, in his official capacity as Associate Director of Service Center Operations Directorate, U.S. Citizenship and Immigration Services;

ANGELA K. GOLDINGER, in her official capacity as Director of U.S. Citizenship and Immigration Services Rocky Mountain District;

ANDREW LAMBRECHT, in his official capacity as U.S. Citizenship and Immigration Services Denver Field Office, Field Office Director

       Defendants.

---

**MANDAMUS COMPLAINT ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S I-485 APPLICATION TO REGISTER LEGAL PERMANENT RESIDENCE**

---

COMES NOW the Plaintiff, Jose Medelso Ramirez Gutierrez, by and through the Milstein Law Office, Brandt Milstein, Esq., to respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Mr. Ramirez Gutierrez's long-delayed I-485 Application to Register Legal Permanent Residence.

## PREFATORY STATEMENT

1.   This is a mandamus action to compel Defendants and those acting under them to take all appropriate actions to adjudicate Plaintiffs' I-485 Application without further delay.

2.   In 2015, a Colorado court ruled that the Plaintiff, a minor and citizen of Guatemala, had been abandoned by his father and that it was not in Plaintiff's bests interest to be returned to his country of origin. In 2016, Plaintiff was adjudicated to be a "Special Immigrant Juvenile" by the U.S. Customs and Immigration Service ("USICS") and became eligible to adjust his status to that of legal permanent resident. Plaintiff filed an I-485 Application to Register Legal Residence or Adjust Status on December 20, 2016. To date, Defendants have improperly and unreasonably withheld action on Plaintiff's application for legal permanent residency.

## JURSIDICTION

3.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction). Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable*

*time,* each agency *shall* proceed to conclude a matter presented to it." 5 U.S.C. § 555(b) (Emphasis added); *Forest Guardians v. Babbitt,* 164 F.3d 1261, 1269 (10th Cir.1998) ("[T]he APA prohibits both agency action unlawfully withheld *and* agency action unreasonably delayed."). "Thus, the APA gives rise to a legally enforceable right to the completion of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." *Yu v. Brown,* 36 F. Supp. 2d 922, 928 (D.N.M. 1999) (internal citations omitted).

4.   USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005).

5.   The Tenth Circuit, along with most other courts, has held that courts may entertain challenges to unreasonably delayed agency action on the basis of § 1331 jurisdiction and the APA. *Carpet, Linoleum and Resilient Tile Layers Local 419 v. Brown*, 656 F.2d 564, 567 (10th Cir.1981).

6.   "Courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to USCIS delays in processing visa, legal permanent resident, and citizen applications." *Yu,* 36 F. Supp. 2d at 930 (D.N.M. 1999) (citing *Fraga v. Smith,* 607 F.Supp. 517, 520 (D.Or.1985) (jurisdiction under APA for challenge to USCIS (then INS) delay in processing citizen applications for foreign born citizens)); *Sze v. INS,* 1997 WL 446236, *5 (N.D.Cal.1997) (jurisdiction under 28 U.S.C. § 1331 for challenge to delay in processing naturalization applications because the issues in the case require interpretation of federal immigration statutes and regulations).

7.   Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not

deprive this Court of jurisdiction. INA § 242(a)(5), 8 U.S.C. § 1252(a)(5), provides that "a petition

for review filed with an appropriate court of appeals in accordance with this section, shall be the

sole and exclusive means for judicial review of an order of removal entered or issued under any

provision of this Act[.]" The present action does not seek review of a removal order, but is simply

an action to compel USCIS to adjudicate Plaintiffs' unreasonably delayed application. This Court

retains original mandamus jurisdiction under 28 U.S.C. § 1361. *See Liu v. Novak*, 509 F. Supp. 2d

1, 5 (D.D.C. 2007) ("[T]here is … significant district court authority holding that [8 U.S.C.] §

1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure

to take action."). *See also Drechsel v. Barrows,* 2008 U.S. Dist. LEXIS 33525 ("[A] district court

has federal question jurisdiction under 28 U.S.C. § 1331 to determine whether Defendants have

complied with the APA's mandate of agency action within a reasonable time and has mandamus

jurisdiction under [8 U.S.C. §] 2881").

8.   Furthermore, INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), provides that no court shall

have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of

relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary

of Homeland Security the authority for which is specified … to be in the discretion of the Attorney

General or the Secretary of Homeland Security[.]" Adjudication of a properly filed I-485

Application is not a judgment regarding the granting of relief from removal. Removal proceedings

against Plaintiff were terminated by the Immigration Court on January 4, 2018. Nor is adjudication

of a properly filed I-485 a decision or action that is specified to be in the discretion of the Attorney

General or the Secretary of Homeland Security. The Court retains original mandamus jurisdiction

4

over this claim. "Administrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform." *Forest Guardians*, 164 F.3d at 1269; *see also Liu*, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

9.   Both the INA and the regulations provide numerous examples of duties owed by USCIS in the immigrant visa process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added) In regards to the I-485 Application, the Code of Federal Regulations states, "[t]he applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5).  "If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status." 8 C.F.R. § 245.2(a)(5)(iii).  "If the application is approved, USCIS shall record the lawful admission of the applicant as of the date of

approval. The applicant shall be notified of the decision and, if the application is denied, of the reasons therefor." 8 C.F.R. § 245.2(a)(5)(iii)(c). The language of the statute and regulation are clear that the Defendants must either approve or deny an I-485 Application. As such, the requirement to adjudicate the I-485 Application is mandatory, not discretionary, and the Defendants have a duty to adjudicate the Plaintiff's I-485 Application, pending before them. *See Matter of Sealed Case,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

10. As set forth below, Defendants' delay in processing Plaintiff's properly filed I-485 Application is unreasonable.

## VENUE

11. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides in this venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. No exhaustion requirements apply to Plaintiff's complaint for a Writ of Mandamus. Plaintiff is owed a duty – the adjudication of his properly filed I-485 Application, which he duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate Plaintiff's I-485 Application for more than two years. Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process the I-485 Application in a timely manner.

## PARTIES

13. Plaintiff Ramirez Gutierrez is a citizen of Guatemala.  He was born in Los Amates, Guatemala on October 2, 1998.  He currently resides in Westminster, Colorado.

14. Defendant Chad F. Wolf, Acting Secretary of the Department of Homeland Security (DHS), is the highest-ranking official within DHS.  Acting Secretary Wolf is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws and regulations, including the INA and Title 8 of the Code of Federal Regulations (CFR).  Acting Secretary Wolf is sued in his official capacity as an agent of the government of the United States.

15. Defendant Kenneth Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services (USCIS), is the highest-ranking official within the USCIS.  Acting Director Cuccinelli is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the INA and Title 8 of the CFR.  Acting Director Cuccinelli is sued in his official capacity as an agent of the government of the United States.

16. Defendant Donald Neufeld, Associate Director, Service Center Operations Directorate, is charged with overseeing all USCIS service centers, including the National Benefits Center where Plaintiff's I-485 Application is currently being adjudicated. Associate Director Neufeld is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws and regulations, including the INA and Title 8 of the CFR. Associate Director Neufeld is sued in his official capacity as an agent of the government of the United States.

17. Defendant Angela K. Goldinger, Director of the USCIS' Rocky Mountain District, is charged with the adjudication of certain immigration petitions and applications, including the I-485 Application in dispute herein. USCIS Rocky Mountain District Director Goldinger is

responsible for the implementation of the INA and for ensuring compliance with applicable federal laws and regulations, including the INA and Title 8 of the CFR. USCIS Rocky Mountain District Director Goldinger is sued in her official capacity as an agent of the government of the United States.

18. Defendant Andrew Lambrecht, Director of the USCIS Denver Field Office, is responsible for the oversight and management of the USCIS' Denver Field Office, which direct oversight authority for adjudication of the I-485 Application filed by Plaintiff. Field Office Director Lambrecht is responsible for the implementation of the INA, and for ensuring compliance with applicable federal laws and regulations, including the INA and Title 8 of the Code of Federal Regulations. Field Office Director Lambrecht is sued in his official capacity as an agent of the government of the United States.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. On August 31, 2015, the District Court for Adams County, Colorado ruled that Plaintiff was a 16-year-old minor who had been abandoned by his father. The Court found that reunification with Plaintiff's father in Guatemala was not possible, and that Plaintiff had no one to care for him in Guatemala. The Court ruled that a return to Guatemala would put the minor at risk of violence, and the child's emotional and psychological well-being required that he remain in Colorado, under the protection of the Colorado Court, and in the custody of his mother, the petitioner in that case. Exhibit 1, Order re: Additional Findings.

20. Based on the Colorado Court's predicate Order, on November 5, 2015, Plaintiff filed a petition with USCIS seeking designation as a "Special Immigrant Juvenile" that, if granted, would permit

him to apply for legal permanent residence in the United States. Exhibit 2, <u>I-797C - Notice of Receipt of I-360 Amerasian, Widow(er) or Special Immigrant</u>.

21. On November 17, 2016, USICS granted Plaintiff Special Immigrant Juvenile Status. Exhibit 3, <u>I-797 Notice of Action – Approval Notice – Section: Special Immigrant Juvenile</u>.

22. On December 20, 2016, Plaintiff filed an I-485 Application to Register Legal Permanent Residence. Exhibit 4, <u>I-797C Notice of Action – I-485 Receipt Date December 20, 2016</u>.

23. With a priority date of November 2, 2015, Plaintiff's I-485 Application became ripe for USCIS adjudication in January, 2018.

24. As of the date of filing, USCIS has not adjudicated Plaintiff's I-485 Application, more than two years after it was ripe.

25. When USCIS's delay in adjudicating the application became evident, Plaintiff and his counsel contacted, time and again, the USCIS National Benefits Center, Special Immigrant Juvenile Program to request that his application be ruled upon. Exhibit 5, <u>Email correspondence between counsel and the National Benefits Center, Special Immigrant Juvenile Program</u>.

26. Finding no relief from the National Benefits Center, Plaintiff and his counsel engaged the Office of the Citizenship and Immigration Services Ombudsman to request assistance in unlodging the application, to no avail. Exhibit 6, <u>Email correspondence between counsel and the Office of the Citizenship and Immigration Services Ombudsman</u>.

27. The Ombudsman failing as well, Plaintiff and his counsel engaged the Director of Immigration Services Office of U.S. Senator Michael Bennet for assistance in requesting that USCIS act on the application, also to no avail. Exhibit 7, <u>Email correspondence between counsel and the Director of Immigration Services Office of U.S. Senator Michael Bennet</u>.

28. According to information publicly available on the USCIS website, the average processing time for an I-485 Application that is not based on a grant of asylum, refugee status, employment status or a family-based petition is 5.1 months. https://egov.uscis.gov/processing-times/historic-pt (Accessed February 27, 2020).

29. To date, Plaintiff's I-485 Application has been pending for 38 months and has been ripe for adjudication for 25 months.

## FIRST CLAIM FOR RELIEF

### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For his first claim for relief against all Defendants, Plaintiff alleges and states as follows:

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Yue Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. Jan. 28, 1999). A violation of this duty is a sufficient basis for mandamus relief.

32. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed," where the Plaintiff asserts the Defendants have failed to take a discrete action. 5 U.S.C. § 706(1). A failure to act as agency action is failure to take a discrete, required action. *Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 62-63 (2004).

33. Here, Plaintiffs assert that Defendants have failed to perform the discrete, non-discretionary task of adjudicating his I-485 Application.

34. Plaintiff alleges that the I-485 Application has been pending beyond a reasonable time for completing adjudication of the application. USCIS' own case processing times corroborate this assertion; USCIS indicates that an I-485 Application that is not based on a grant of asylum, refugee status, employment status or a family-based petition is normally processed within 5.1 months.

35. The failure to act on Plaintiff's I-485 Application, now for at least 25 months, is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA, the APA and the applicable rules and regulations.

36. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

37. Plaintiff has exhausted all alternative remedies available to him in pursuit of a resolution of this matter, including repeatedly requesting the processing of his case with USCIS, engaging the Office of the Citizenship and Immigration Services Ombudsman and the Director of Immigration Services Office of U.S. Senator Michael Bennet, all to no avail.

## SECOND CLAIM FOR RELIEF

### (Violation of Right to Due Process of Law)

For his second claim for relief against all Defendants, Plaintiff alleges and states as follows:

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set out herein.

39. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

40. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

41. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by prohibiting Mr. Ramirez Gutierrez from moving forward with a process to obtain his lawful permanent residency in the United States.

## THIRD CLAIM FOR RELIEF

### (Equal Access to Justice Act)

For his third claim for relief against all Defendants, Plaintiff alleges and states as follows:

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set out herein.

43. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief. Plaintiff is entitled to attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

44. If Plaintiff prevails, he will seek attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412.


## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly issue a final decision on the pending I-485 Application within sixty (60) days;

3.  That this Honorable Court award Plaintiff his attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412;

4.  Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
this 28th day of February, 2020

By *s/ Brandt Milstein*
Brandt Milstein, Esq.
Milstein Law Office
2400 Broadway, Suite B
Boulder, Colorado 80304
(O) 303-440-8780
(F) 303-957-5754
brandt@milsteinlawoffice.com

**ATTORNEY FOR PLANTIFF**